```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| T.B., a minor, individually and by his Parent J.K., | HON. JEROME B. SIMANDLE |
| | Civil No. 09-4780 (JBS/KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MOUNT LAUREL BOARD OF EDUCATION, | |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court on Defendant's motion to extend the time period for filing a response to Plaintiff's motion for attorney fees. [Docket Item 43.] Unfortunately, the Court must consume time sorting out what happens when a party seeking an extension of time to oppose a dispositive motion does not use the automatic extension provision of L. Civ. R. 7.1(d)(5) but instead mistakenly but timely submits a request for a Clerk's extension of time to answer under L. Civ. R. 6.1(b). The Court finds as follows:

1. Plaintiff filed his motion on July 21, 2011, making the opposition due August 1, 2011. Before the expiration of that period on August 1, Defendant filed a motion for extension of time pursuant to Local Civil Rule 6.1(b), a rule which provides, "The time within which to answer or reply may, before its first expiration and with or without notice, be extended once for a

period not to exceed 15 days on order granted by the Clerk." However, Defendant asked in the body of the motion for an extension of time to reply to "the Complaint," instead of to respond to "the motion," with the proposed order erroneously referencing counterclaims.  Additionally, Local Civil Rule 6.1(b) is customarily used for extension of time to answer or reply to pleadings, while Local Civil Rule 7.1(d)(5) is used for extensions of time to reply to dispositive motions.  Consequently, the Clerk rejected the application, but left the motion on the docket.

    2.  On August 3, 2011, Defendant's counsel determined that in light of the Clerk's rejection of his application and explanation of the limited purpose of Local Civil Rule 6.1(b), it was necessary to make a further filing, and he filed a motion seeking to correct or convert the Local Civil Rule 6.1(b) application to a Local Civil Rule 7.1(d)(5) application.  A motion for fees is regarded as a dispositive motion, <u>see</u> Local Civil Rule 72.1(a).  Local Civil Rule 7.1(d)(5) provides that the period for opposing a dispositive motion may be automatically extended by one motion cycle upon timely filing of a Rule 7.1(d)(5) letter, which in this case would require Defendant's opposition by August 22, 2011.  If Defendant merely filed a Rule 7.1(d)(5) letter on August 1, rather than a Rule 6.1(b) request for a Clerk's extension, defense counsel would automatically have

received the extension to August 22.

3. Plaintiff has opposed this motion, arguing that Defendant previously opposed a motion by Plaintiff to file a late brief, a motion which the Court denied; Plaintiff reasons that the two circumstances are identical, and that the identical result is therefore required.

4. In fact, the circumstances are quite distinct. Principally, unlike Plaintiff when the parallel situation arose in October 2010, Defendant timely filed a motion seeking an extension. Defendant correctly observes that neither Federal Rule of Civil Procedure 6(b) nor Local Civil Rule 6.1(b) is expressly limited to an extension of time to answer a pleading. The commentary to the local rule acknowledges this, stating "the Rule's procedures clearly apply to all requests for a continuance or extension of time mandated by a rule . . ."  Lite, N.J. Federal Practice Rules,  L. Civ. R. 6.1 cmt. 2 (Gann).  Although the reliance on Local Rule 6.1 instead of 7.1 was contrary to local custom, and the brief made erroneous references to the complaint and counterclaims, the motion was nevertheless clear by context in the relief sought and otherwise in accord with the text of the relevant rules.  Both the Federal Rules of Civil Procedure and the Local Civil Rules repeatedly emphasize the importance of diligently filing a timely notice of the need for an extension, and indeed this is the critical factor in

determining whether excusable neglect must be shown or not in order to receive an extension.  If the present extension is denied, Defendant would not receive the benefit of the automatic extension to oppose this dispositive motion conferred by L. Civ. R. 7.1(d)(5).

5.  Moreover, even assuming for the sake of argument that Defendant must nevertheless now show excusable neglect, there are a number of factors that make Defendant's showing stronger than Plaintiff's efforts on his prior motion:  Defendant's inadvertence was regarding customary court procedures and misused nomenclature, not the substance of the clear text of a rule; the excuse for the late filing — use of Rule 6.1 instead of Rule 7.1 — is not an easily manufactured excuse (having required a timely but incorrect filing); and there is no indication that this was anything but a good faith mistake.  Indeed, the Court is hard pressed to imagine what benefit Defendant could possibly have obtained by filing the motion pursuant to Local Civil Rule 6.1 instead of Local Civil Rule 7.1, since Defendant was entitled to an automatic extension under the latter rule.  Conversely, Plaintiff's counsel's previous dilatory filing afforded him substantial additional time to which he was not otherwise entitled (having previously exhausted his automatic extension). Moreover, Defendant sought on August 1, 2011 an automatic extension of time to submit opposition to Plaintiff's dispositive

4

motion, which had just been served upon defense counsel eleven days earlier when electronically filed on July 21, 2011. Plaintiff's counsel, on the other hand, obtained an automatic extension under L. Civ. R. 7.1 on October 13, 2010 [Docket Item 26] and then failed to file his opposition when due on November 1, 2010.  He thereafter filed his untimely opposition on November 15, 2010 unaccompanied by a motion for this additional extension of time, which was not filed until November 16, 2010 [Docket Item 28], all as explained in this Court's Opinion filed June 20, 2011, addressing that situation as well as the merits of the underlying motion.  [Docket Item 37.]

    6.   Plaintiff's arguments that Defendant's errors constitute inexcusable neglect are meritless.  Plaintiff contends that Defendant's mistake in filing the Rule 6.1 application rises well beyond negligence because Defendant used the words "complaint" and "counterclaims" in the request for extension when Defendant meant to write "motion," and that this constitutes false pleading and is a clear showing of lack of good faith.  The Court has no reason to think these verbal errors were anything but minor inadvertence in copying a standard request form.  Plaintiff also fundamentally misunderstands the nature of the inquiry into excusable neglect, conflating the reason given for a legal error in not properly requesting an extension (which determines whether it is excusable) and the reason given for an extension (which is

relevant to good cause for the extension, but not whether the neglect in properly applying for the extension was excusable), making several arguments based on this confusion.

7. In short, Defendant timely filed a motion for extension that complied with the text of the rules he cited under L. Civ. R. 6.1(b) (if not the customary use of that local rule) and inadvertently talked about response to a complaint instead of a motion. To the extent any of this constitutes substantive error necessitating rejection of the initial application, it is excusable neglect, and Defendant has shown good cause for permitting the extension. In any event, it would be unfair to deprive Defendant of the single otherwise-automatic extension of one motion cycle that it seeks in which to submit its opposition.

8. A one motion cycle extension makes Defendant's opposition brief due on August 22, 2011. The accompanying Order will be entered.

| | |
|---|---|
| **August 18, 2011** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |